IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| JAMES C. BRANDENBURG, as Personal Representative for the Estate of Yolanda M. Coney, | ) ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) |
| MANDA DAWN CREIGHTON, as Next Friend for A.J.M., a minor, | ) ) ) |
| Defendant/Counterclaimant | ) ) ) |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| OFFICE OF FEDERAL EMPLOYEES' PERSONNEL MANAGEMENT, | ) ) ) |
| and | ) ) |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, | ) ) ) |
| Defendants. | ) |

Case No. 4:09-cv-00100 JCH

## DEFENDANT MANDA DAWN CREIGHTON'S AS NEXT FRIEND FOR A.J.M., A MINOR, ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT,

COMES NOW Manda Dawn Creighton as Next Friend for A.J.M., a minor, by and through undersigned counsel and for her answer to Plaintiff's Petition for Declaratory Judgment states as follows:

1. Defendant admits paragraph 1.

2. Defendant admits paragraph 2.

3. Upon information and belief, Defendant admits paragraph 3.

4.	Upon information and belief, Defendant admits paragraph 4.

5.	Defendant admits paragraph 5.  By way of further answer, Rozell William Masden, deceased, is the natural father of A.J.M.

6.	Paragraph 6 sets forth a legal conclusion, which Defendant is not required to admit or deny.  To the extent that an answer is required, Defendant denies paragraph 6 and has consented to the federal district court taking jurisdiction over this matter pursuant to Defendant Metropolitan Life Insurance Company's (hereinafter "MetLife") Notice of Removal.

7.	Paragraph 7 contains a request for relief, which Defendant is not required to admit or deny.  To the extent that an answer is required, Defendant denies paragraph 7.  By way of further answer, Defendant seeks a judgment declaring her, as the biological daughter of Rozell William Masden, to be entitled to the benefits of the life insurance policy of Rozell William Masden administered by Defendants MetLife, Office of Federal Employees' Group Life Insurance, and the United States Office of Personnel Management.

8.	Defendant admits paragraph 8.

9.	Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 9, and therefore, denies same.  By way of further answer, according to the pleading, Rozell William Masden and Yolanda M. Coney were married after Rozell William Masden died.

10.	Defendant denies paragraph 10.  By way of further answer, Rozell William Masden died on March 2, 2007.  Yolanda M. Coney also died on March 2, 2007, and upon information and belief, predeceased Rozell William Masden.

11.	Defendant admits paragraph 11.

12.	Defendant admits paragraph 12.

13. The policy of insurance speaks for itself. Therefore, to the extent that paragraph 13 is consistent with the policy of insurance and/or any statutory provisions governing federal group life insurance, Defendant admits paragraph 13. In all other respects, Defendant denies the allegations contained in paragraph 13. By way of further answer, a wife that predeceases her husband is not his widow and Yolanda M. Coney did not survive the date of Rozell William Masden's death, and therefore, her estate is not entitled to the benefits of the policy at issue by reason of 5 U.S.C. § 8705.

14. Plaintiff admits paragraph 14.

15. Plaintiff admits paragraph 15.

16. Plaintiff admits paragraph 16.

17. Defendant denies paragraph 17. By way of further answer, a wife that predeceases her husband is not his widow and Yolanda M. Coney did not survive the date of Rozell William Masden's death.

18. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18, and therefore, denies same. By way of further answer, the Estate of Yolanda M. Coney is not entitled to the benefits under Rozell William Masden's life insurance policy because she was not his widow, and she did not survive the date of his death.

19. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18, and therefore, denies same. By way of further answer, the Estate of Yolanda M. Coney is not entitled to the benefits under Rozell William Masden's life insurance policy because she was not his widow, and she did not survive the date of his death.

20. Defendant denies paragraph 20. By way of further answer, Plaintiff does not have

standing and is not a real party in interest with respect to the payment of benefits under the life insurance policy of Rozell William Masden because Yolanda M. Coney predeceased him, and therefore, is not his widow and did not survive the date of his death, and therefore, her estate is not entitled to the benefits under Rozell William Masden's life insurance policy.

21.     Defendant denies paragraph 21.  By way of further answer, the Estate of Yolanda M. Coney is not entitled to the benefits under Rozell William Masden's life insurance policy because she was not his widow, and she did not survive the date of his death.

WHEREFORE, having answered, Defendant Manda Dawn Creighton  as Next Friend for A.J.M. prays that this Court declare the rights of the parties under the policy of insurance at issue herein and find that A.J.M. is entitled to the benefits of the life insurance policy of her father, Rozell William Masden, and thereafter, order Defendants MetLife, the Office of Federal Employees' Group Life Insurance, and the United States Office of Personnel Management to distribute the benefits of said life insurance policy to A.J.M., through her Next Friend and the legal guardian of her estate, Manda Dawn Creighton.  Defendant further requests that she be awarded her attorneys' fees, costs, and prejudgment interest, and such other and further relief as this Court deems appropriate under the circumstances.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW Counterclaimant, Manda Dawn Creighton as Next Friend for A.J.M., a minor, by and through undersigned counsel, and pursuant to 28 U.S.C. Section 2201(a) for her Counterclaim for Declaratory Judgment states as follows:

1.     Counterclaimant Manda Dawn Creighton is the Next Friend and natural mother of A.J.M., a minor.  Both reside in Madison County, Illinois. A.J.M. is the biological daughter of Rozell William Masden, whose federal government employee life insurance policy is at issue in

4

this proceeding.

2.      Counter-Defendant James C. Brandenburg is, upon information and belief, an individual residing in St. Louis County, Missouri and the Personal Representative of the Estate of Yolanda M. Coney, whose estate is pending in the Probate Court of St. Louis County, Missouri at Cause No. 07PS-PR01614.

3.      Defendant Metropolitan Life Insurance Company (hereinafter "MetLife") is an insurance company authorized to do business in the State of Missouri.

4.      Upon information and belief, Defendant Office of the Federal Employees' Group Life Insurance is a unit of MetLife (but not a separate legal entity) that administers and pays life insurance benefits to federal employees under the Federal Employees' Group Life Insurance Program established by the federal government for its employees.

5.      Upon information and belief, Defendant United States Office of Personnel Management is a United States government entity that provides and administers life insurance benefits to federal employees under the Federal Employees' Group Life Insurance Program.

6.      At all times relevant herein, Rozell William Masden was a federal employee employed by the United States Postal Service, who maintained a policy of life insurance under the Federal Employees' Group Life Insurance Program.

7.      This Court has jurisdiction over this counterclaim by reason of 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 5 U.S.C. § 8701 et seq.,  5 U.S.C. § 8715 (concurrent jurisdiction with the United States Court of Claims), and 28 U.S.C. § 1332 as there is complete diversity between plaintiff and the defendants and the benefits at issue exceed the sum of $75,000.00.

8. The Federal Employees' Group Life Insurance Program provides for an order of precedence set by law for the payment of life insurance benefits when an employee dies. The order of precedence as relevant herein when an employee did not assign ownership of his/her insurance prior to death and there is no valid court order on file with the employee's agency or Office of Personnel Management, is as follows:

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title [5 USCS §§ 8101 et seq.] as provided by section 8706(b) of this title [5 USCS § 8706(b)], in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation. See 5 U.S.C. § 8705 attached hereto and incorporated by reference herein as Exhibit 1.

9. Upon information and belief, Rozell William Masden did not assign owenership of his life insurance policy.

6

10. Additionally, upon information and belief, there is no valid court order on file with the agency (United States Postal Service) or Office of Personnel Management regarding Rozell William Masden's life insurance policy with MetLife, the Office of Federal Employees' Group Life Insurance, and/or the Office of Personnel Management.

11. Upon information and belief, Rozell William Masden did not designate any beneficiary(ies) of his life insurance policy with MetLife, the Office of Federal Employees' Group Life Insurance, and/or the Office of Personnel Management.

12. Counterclaimant is the only child of Rozell William Masden, having been born to him and Manda Dawn Creighton on April 30, 1994.

13. On March 2, 2007, both Rozell William Masden and Yolanda M. Coney died. Upon information and belief, Yolanda M. Coney predeceased Rozell William Masden.

14. A.J.M. through her Next Friend and guardian of her estate Manda Dawn Creighton is entitled to the proceeds of the life insurance policy at issue because Yolanda M. Coney did not survive the date of Rozell William Masden's death and was not his widow because she predeceased him, and therefore, Yolanda M. Coney is not entitled to the benefits under the policy of insurance pursuant to 5 U.S.C. § 8705.

15. Manda Dawn Creighton, on behalf of A.J.M. made a timely claim for the benefits due to A.J.M. under the life insurance policy with the Office of Personnel Management and ultimately filed a claim with the Office of Federal Employees' Group Life Insurance.

16. As of this date, Defendants MetLife, the Office of Federal Employees' Group Life Insurance, and the the Office of Personnel Management have yet to make payment to A.J.M. of the benefits to which she is entitled under Rozell William Masden's policy of insurance, presumably because Plaintiff/Counter-Defendant, the Estate of Yolanda M. Cooney

7

has made a claim for the benefits under the policy, although not entitled to such benefits by reason of 5 U.S.C. § 8705.

17. A declaration of the parties' rights, obligations, and duties under 5 U.S.C. § 8705 presents a real, substantial, presently existing controversy admitting of specific relief because the Defendants are unlikely to pay the benefits under the policy of insurance to any claimant until the proper recipient of the benefits is decided by a court of law.

18. A.J.M. has a personal interest directly at issue or in jeopardy in this court's declaration of the parties' rights, duties, and obligations under 5 U.S.C. § 8705 because she is entitled to the benefits of Rozell William Masden's life insurance policy.

19. The declaration sought herein presents a question appropriate and ready for judicial determination because Defendants MetLife, the Office of Federal Employees' Group Life Insurance, and the Office of Personnel Management will not make a disbursement of the benefits under the policy of insurance until the parties' rights, obligations and duties are defined pursuant to 5 U.S.C. § 8705.

20. The relief requested herein will provide A.J.M. immediate consequential relief in that she will receive the benefits of the policy of insurance pursuant to 5 U.S.C. § 8705.

21. A.J.M. has no adequate remedy at law.

WHEREFORE, Counterclaimant Manda Dawn Creighton as Next Friend for A.J.M. prays that this Court declare the rights of the parties under the policy of insurance at issue herein and find that A.J.M. is entitled to the benefits of the life insurance policy of her father, Rozell William Masden, and thereafter, order Defendants MetLife, the Office of Federal Employees' Group Life Insurance, and/or the United States Office of Personnel Management to distribute the benefits of said life insurance policy to A.J.M., through her Next Friend and the legal guardian of

her estate, Manda Dawn Creighton.  Defendant further requests that she be awarded her attorneys' fees, costs, and prejudgment interest, and such other and further relief as this Court deems appropriate under the circumstances.

          Respectfully submitted,

          PLEBAN & ASSOCIATES, LLC

          by   /s/ Lynette M. Petruska
            C. John Pleban #4066
            Lynette M. Petruska, #15880
            2010 S. Big Bend Blvd.
            St. Louis, MO  63117
            Telephone:  314-645-6666
            Facsimile:   314-645-7376

          Attorneys for Defendant/Counterclaimant Manda Dawn Creighton, as Next Friend for A.J.M., a minor

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 16th day of January 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the  attorneys of record in the above-referenced case to include:  Todd M. Boehlje, attorney for Plaintiff/Counter-Defendant and Ann E. Buckley, attorney for Defendant Metropolitan Life Insurance Company.

             /s/ Lynette M. Petruska